**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JAMIE H. BARKER,

Plaintiff,

vs. CASE NO. 3:07-cv-336-J-32TEM

PALM VALLEY RACING, INC.,
d/b/a JENNINGS GP,

Defendant.

---

**O R D E R**

This matter is before the Court on Defendant's Motion to Compel Certification of Conference with Counsel, Request for Costs and Fees, and Supporting Memorandum of Law (Doc. #23, Motion). Upon review of the Motion, the Court determined that a response was in order. Accordingly, the Court ordered Plaintiff to file any opposition to the Motion by the close of business on Thursday, October 16, 2008 (Doc. #27). On October 16, 2008, Plaintiff filed a response (Doc. #28), which indicates the discovery sought in the Motion (Doc. #23) has since been provided to Defendant (*see* Doc. #28).

In the Motion (Doc. #23); however, Defendant requests the Court grant Defendant its reasonable costs and attorney's fees incurred in bringing the Motion.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute

arises and one of the parties files a motion involving judicial intervention. "The rules require that discovery be accomplished voluntarily; that is, the parties should affirmatively disclose relevant information without the necessity of court orders compelling disclosure." *In re E.I. DuPont Nemours and Co.*, 918 F. Supp. 1524, 1542 (M.D. Ga. 1995), *rev'd on other grounds*, 99 F.3d 363 (11th Cir. 1996).

In addition, Rule 37 of the Federal Rules of Civil Procedure provides that the party resisting discovery, that party's attorney, or both the individual party and the attorney, may be required to pay the reasonable expenses incurred in bringing a meritorious motion to compel. Fed.R.Civ.P. 37(a)(5). Specifically, Rule 37(a)(5) states as follows:

> **(A) If the Motion [to Compel] Is Granted (or Disclosure or Discovery Is Provided After Filing).**
>
> If the motion is granted–or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a)(5).

On the facts present in the instant litigation, the Court finds Plaintiff's actions played a role in inhibiting the discovery process since it is clear Plaintiff did not respond to Defendant's discovery requests (despite repeated attempts by Defendant to obtain said discovery without Court intervention), which necessitated the filing of the Motion (*see* Docs.

#23-6, #23-7, and #23-8). Moreover, in its response in opposition to the Motion, Plaintiff merely averred that the documents in question have since been provided to Defendant–no further justification for the nondisclosure was provided (*see* Doc. #28 at 1). Thus, the Court finds Plaintiff responsible for payment of Defendant's attorney's fees and costs incurred in bringing the subject Motion.

As an additional matter, Defendant's Motion (Doc. #23) contains various attachments (Docs. #23-2, #23-4, #23-9, and #23-10) that are due to be stricken from the record for the reason(s) listed below.

Rule 5(d) of the Federal Rules of Civil Procedure provides:

> All papers after the complaint required to be served upon a party, together with a certificate of service, must be filed with the court within a reasonable time after service, but disclosures under Rule 26(a)(1) or (2) and the following *discovery requests* and responses must not be filed until they are used in the proceeding or the court orders filing: (i) depositions, (ii) interrogatories, (iii) requests for documents or to permit entry upon land, and (iv) requests for admission.

Fed.R.Civ.P. 5(d) (emphasis added); *see also* M.D. Fla. Loc. R. 3.03(d).[1]

Accordingly, it is hereby **ORDERED**:

1. Defendant's Motion to Compel Certification of Conference with Counsel, Request for Costs and Fees, and Supporting Memorandum of Law (Doc. #23) is **GRANTED to the extent reasonable expenses incurred by Defendant in filing the Motion, including attorney's fees, shall be awarded**.

[1]Although the Court recognizes Defendant attached said discovery materials in support of a motion to compel, the Court finds ninety three (93) pages of said attachments are unnecessary and cumulative.

2. Since Plaintiff shall be responsible for the reasonable expenses incurred by Defendant in filing the Motion (Doc. #19), including attorney's fees, **the parties shall meet and agree on an appropriate sum representing such fees and costs**. If the parties are unable to agree, Defendants shall, **within fifteen (15) days** from the date of this Order, file an affidavit as to fees and costs. Plaintiff shall respond to the affidavit **within ten (10) days** from its service.

3. Documents #23-2, #23-4, #23-9, and #23-10 shall be **STRICKEN from the record**.

**DONE AND ORDERED** at Jacksonville, Florida this 3rd day of December, 2008.

Thomas E. Morris
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to: all counsel of record